IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-71-BO

| | | |
|---|---|---|
| MICHAEL RENEE ARTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 19, 25]. A hearing was held on this matter before the undersigned on July 28, 2020 by videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his applications for a period of disability, disability insurance, and supplemental security income. Plaintiff protectively filed his applications on August 20, 2015 alleging an onset of disability of April 30, 2015. Finding plaintiff not disabled, the Commissioner denied his applications initially and upon reconsideration. A hearing with an Administrative Law Judge (ALJ) was held by video on April 10, 2018. The ALJ issued an unfavorable ruling on June 11, 2018, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied his request for review on February 28, 2019. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

DISCUSSION

Under 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then the claimant is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that plaintiff had the following severe impairments: coronary artery disease; chronic ischemic heart disease; two non-ST elevation myocardial infarctions; hypertension; diabetes mellitus; and obesity. With respect to plaintiff's heart and cardiovascular conditions, the ALJ determined that plaintiff did not meet Listing 4.04, and that although he could not return to his past work, based on his RFC, he could perform various sedentary jobs that exist in significant numbers in the national economy. Plaintiff contends that the ALJ erred by failing to find that plaintiff met the criteria for Listing 4.04—Ischemic Heart Disease.

"An ALJ has the obligation to consider all relevant medical evidence . . . ." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017). In August 2017, plaintiff had double bypass surgery. In the ALJ's review of the chronology and medical evidence of plaintiff's coronary artery disease, chronic ischemic heart disease, and other heart problems, the ALJ failed to consider, let alone

3

mention, plaintiff's surgery. Tr. 19–22. Whether this evidence was intentionally omitted or merely overlooked, its absence in the ALJ decision constitutes error.

Accordingly, upon review of the record and decision in this matter, the Court remands this case for further proceedings. On remand, all relevant evidence must be considered in reassessing plaintiff's impairments and residual functional capacity. Additionally, the ALJ should more fully consider and discuss whether plaintiff meets the criteria for Listing 4.04. If plaintiff does not meet the Listing, the ALJ must consider whether plaintiff is even capable of sedentary work given his heart problems.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED. Defendant's motion [DE 25] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this _10_ day of August, 2020.

Terrence Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4